**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-23927- BLOOM/Elfenbein**

**Kelly M. Crawford, as Receiver of TRADERS DOMAIN FX LTD. d/b/a, TRADERS DOMAIN, et al.,**

**Plaintiff,**

**v.**

**CHRISTOPHER ISAAC BROWN, JOSEPH BROOKS CARTER, TOMER DANIEL, FRANK ANTHONY DICRISI III, DAN FLEYSHMAN, AMIT FRIDMAN, JULIAN KUSCHNER, BENJAMIN MULLER, MARCO RUIZ OCHOA, THOMAS THEN, and CHAD THYZEL,**

**Defendants.**

**DEFENDANT AMIT FRIDMAN'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendant Amit Fridman ("**Mr. Fridman**" or "**Defendant**"), by and through his undersigned counsel, hereby submits this Answer to Plaintiff Kelly M. Crawford's, as Receiver of TRADERS DOMAIN FX LTD. d/b/a, TRADERS DOMAIN, et al. ("**Plaintiff**") Amended Complaint (DE 60) (the "Amended Complaint"). In furtherance of the same, Mr. Fridman responds in correspondingly numbered paragraphs and denies all allegations in the Complaint not specifically admitted below.

**ANSWER**

**PROCEDURAL HISTORY**

1. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

2. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

3. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

4. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

5. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

6. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

7. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

8. Defendant admits that the Amended Complaint collectively refers to Traders Domain, Algo, Centurion Capital, Block Consulting, MAS Capital, Alpha Trader, POE, Centurion TS, GMJ Marketing, Go Long, Nutrition Zone, Intelligenza, JVL Consulting, MTT9, SAEG, SECAP, and SACAP as the "Receivership Entities."

9. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

10. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**JURISDICTION AND VENUE**

11. The allegations in paragraph 11 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

12. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

13. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

14. The allegations in paragraph 14 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

15. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

16. The allegations in paragraph 16 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same. Defendant denies that he "conducted business with, and/or received funds or transfers of assets from the Receivership Entities."

17. The allegations in paragraph 17 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same. Defendant denies that he solicited funds from the Receivership Entities or transacted business with the Receivership Entities. Defendant admits that he has conducted business in the State of Florida but denies that he has purposefully directed his activities to the state and availed himself of the privileges of conducting activities in Florida.

18. The allegations in paragraph 18 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same. Regarding the allegations in paragraph 18 of the Amended Complaint that "acts described herein occurred in the Southern District of Florida, and some victims of the scheme were located in the Southern District of Florida," Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

19. The allegations in paragraph 19 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

**RECEIVER'S STANDING**

20. The allegations in paragraph 20 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

21. The allegations in paragraph 21 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

22. The allegations in paragraph 22 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

23. The allegations in paragraph 23 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**LIMITATIONS PERIOD AND APPLICABLE LAW**

24. The allegations in paragraph 24 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

25. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

26. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

27. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

28. The allegations in paragraph 28 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

29. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

30. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

31. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 31 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

32. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

33. The allegations in paragraph 33 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

34. The allegations in paragraph 34 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

35. Defendant admits that Plaintiff is seeking damages for unjust enrichment but denies any liability thereunder.

## FACTUAL ALLEGATIONS

36. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 36 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

37. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

38. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

39. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

40. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

41. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

42. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

43. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

44. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**The Sponsor Fraudulent Schemes**

Algo Capital

45. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

46. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

47. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

48. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

49. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

50. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

51. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

52. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

53. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

54. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

The Centurion and Santi Fraudulent Scheme

55. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

56. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

57. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

58. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

59. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

60. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

61. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

62. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

63. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

64. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

65. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

Michael Sims

66. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

67. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 67 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

68. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

69. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

70. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

71. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

72. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 72 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

73. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 73 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

74. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

The Involvement of MTT9, SAEG, SECAP, and SACAP in the TD Scheme

75. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 75 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

76. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

77. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 77 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

## Transfers to Defendants

**Christopher Issac Brown**

78. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 78 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

79. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 79 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Joseph Brooks Carter**

80. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 80 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

81. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 81 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Tomer Daniel**

82. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 82 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

83. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 83 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Frank Anthony DiCrisi III**

84. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 84 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

85. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 85 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Dan Fleyshman**

86. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 86 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

87. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 87 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Amit Fridman**

88. Defendant denies the allegations in paragraph 88 of the Amended Complaint.

89. Defendant denies the allegations in paragraph 89 of the Amended Complaint.

**Julian Kuschner**

90. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 90 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

91. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 91 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

92. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 92 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

93. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 93 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Benjamin Muller**

94. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 94 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

95. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 95 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Marco Ruiz Ochoa**

96. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 96 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

97. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 97 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

98. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 98 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

99. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 99 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Thomas Then**

100. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 100 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

101. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 101 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**Chad Thyzel**

102. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 102 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

103. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 103 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

**The Collective Transfer**

104. Defendant admits that the Amended Complaint collectively refers to the cryptocurrency and fiat currency transfers identified in paragraphs 78 through 103 as the "Transfers."

105. Defendant denies the allegations as to him in paragraph 105 of the Amended Complaint. Regarding the allegations in paragraph 105 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

106. Defendant denies the allegations as to him in paragraph 106 of the Amended Complaint. Regarding the allegations in paragraph 106 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

107. Defendant denies the allegations as to him in paragraph 107 of the Amended Complaint. Regarding the allegations in paragraph 107 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

108. Defendant denies the allegations as to him in paragraph 108 of the Amended Complaint. Regarding the allegations in paragraph 108 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

109. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 109 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

110. The allegations in paragraph 110 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 110 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

111. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 111 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

## CLAIMS FOR RELIEF

## COUNT I

**(Fraudulent Transfer under § 726.105(1)(a), Fla. Stat.**
**Florida Uniform Fraudulent Transfer Act)**

112. Defendant reasserts and incorporates his answers to paragraphs 1 through 111 above as if fully set forth herein.

113. Defendant admits the nature of Plaintiff's claim as described in paragraph 113 but denies any liability thereunder.

114. Defendant denies the allegations as to him in paragraph 114 of the Amended Complaint. Regarding the allegations in paragraph 114 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

115. Defendant denies the allegations as to him in paragraph 115 of the Amended Complaint. Regarding the allegations in paragraph 115 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

116. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 116 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

117. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 117 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

118. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 118 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

119. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 119 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

120. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 120 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

121. The allegations in paragraph 121 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 121 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

122. The allegations in paragraph 122 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

123. The allegations in paragraph 123 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

**COUNT II**
**(Fraudulent Transfer under §§ 726.105(1)(b) and/or 726.106(1), Fla. Stat., Florida Uniform Fraudulent Transfer Act)**

124. Defendant reasserts and incorporates his answers to paragraphs 1 through 111 above as if fully set forth herein.

125. Defendant admits the nature of Plaintiff's claim as described in paragraph 125 but denies any liability thereunder.

126. Defendant denies the allegations as to him in paragraph 126 of the Amended Complaint. Regarding the allegations in paragraph 126 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

127. Defendant denies the allegations as to him in paragraph 127 of the Amended Complaint. Regarding the allegations in paragraph 127 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

128. Defendant denies the allegations as to him in paragraph 128 of the Amended Complaint. Regarding the allegations in paragraph 128 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

129. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 129 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

130. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 130 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

131. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 131 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

132. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 132 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

133. Defendant is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations set forth in paragraph 133 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

134. The allegations in paragraph 134 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

135. The allegations in paragraph 135 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

**COUNT III**
**(Unjust Enrichment as to the Transfers)**

136. Defendant reasserts and incorporates his answers to paragraphs 1 through 111 above as if fully set forth herein.

137. Defendant denies the allegations as to him in paragraph 137 of the Amended Complaint. Regarding the allegations in paragraph 137 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

138. Defendant denies the allegations as to him in paragraph 138 of the Amended Complaint. Regarding the allegations in paragraph 138 of the Amended Complaint relating to other Defendants and the Receivership Entities, Mr. Fridman is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations and therefore denies the same and demands strict proof thereof.

139. The allegations in paragraph 139 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

140. The allegations in paragraph 140 of the Amended Complaint are legal conclusions and therefore do not require a response from Defendant. In the alternative, Defendant denies the same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim against Defendant upon which relief can be granted with respect to Counts I through III of the Amended Complaint. Plaintiff has not sufficiently alleged, and cannot properly allege, that Mr. Fridman received any assets, monies, or property from the Receivership Entities.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole are in part, because Mr. Fridman acted in good faith at all relevant times to this action. Mr. Fridman did not know, and could not have known, that the Receivership Entities were insolvent at the time of any transfer to Mr. Fridman. Moreover, because any transfer to Mr. Fridman was made by B2Broker in accordance with Mr. Fridman's instructions to transfer such funds. Mr. Fridman did not have knowledge of any facts at the time of the transfer that would have reasonably put him on notice that the Receivership Entities were insolvent or that the transfers were being made to delay, hinder or defraud any creditors because Mr. Fridman did not receive any transfers from the Receivership Entities.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims as to Defendant are barred because, to the extent Mr. Fridman received any assets, monies, or property from the Receivership Entities, the transfer at issue was taken in good faith, without knowledge of the voidability of such a transfer or the alleged fraudulent nature of the transfer, and for a reasonably equivalent value or against any subsequent transferee or oblige pursuant to Florida Statutes § 726.109(1). Because, Mr. Fridman received the transfer at issue in good faith and in exchange for reasonably equivalent value, Plaintiff cannot recover from Defendant.

## FOURTH AFFIRMATIVE DEFENSE

With Respect to Count III of the Amended Complaint, Plaintiff's unjust enrichment claim as to Defendant fails because the Receivership Entities have not conferred any benefit upon Mr. Fridman. More specifically, Mr. Fridman did not receive any funds or assets from the Receivership Entities.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has no claim against Defendant based upon any actual transfer of an asset by the Receivership Entities to Mr. Fridman. Any transfer to Mr. Fridman came from B2Broker, not the Receivership Entities. Accordingly, Mr. Fridman did not receive any transfers from the Receivership Entities that would be subject to Plaintiff's fraudulent transfer or unjust enrichment claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims as to Defendant are barred because the transfer to Mr. Fridman was made in the ordinary course of business or financial affairs pursuant to Florida Statutes § 726.109(6)(b).

## SEVENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that he intends to rely on any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend his Answer to assert such additional defenses.

## DEMAND FOR JURY TRIAL

Defendant, Amit Fridman, hereby demands a trial by jury of all claims and affirmative defenses so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that all relief requested as to Mr. Fridman in the Amended Complaint be denied in its entirety, and for such other relief as the court may deem just and proper.

**DATED:** October 20, 2026
Boca Raton, Florida

Respectfully submitted,

**BARITZ COLMAN RICHAN & HARRIS LLP**

*/s/ Robert C. Harris*
Robert C. Harris, Esq.
Florida Bar No. 26205
Alfredo Rodriguez, Esq.
Florida Bar No. 1059047
1075 Broken Sound Parkway, NW
Suite 102
Boca Raton, Florida 33487
Tel: (561) 864-5100
Fax: (561) 864-5101
E-mail: rharris@bcrhllp.com
E-mail: arodriguez@bcrhllp.com

**CERTIFICATE OF SERVICE**

I, Robert C. Harris, do hereby certify that on October 20, 2026, a true and correct copy of the foregoing document was electronically filed and served. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Robert C. Harris*
Robert C. Harris